LOUIS J. SNYDER, EXECUTOR OF THE ESTATE OF CAROLINE E. DESHON, DECEASED

*v.*

STATE OF ILLINOIS.

*Opinion filed January 30, 1919.*

INHERITANCE TAX—*Lora J. Moore, executrix, etc.* v. *State, Supra*, followed. This case is controlled by the decision of the Court in the case of *Lora J. Moore, ex. etc.* v. *State, Supra.*

Edward J. Brundage, Attorney General, for State.

The facts in this case as disclosed by the evidence are as follows: Caroline E. Deshon died on the eighteenth day of September, A. D. 1915, a resident of the City of New York. Administration was taken out in New York and claimant, Louis J. Snyder was appointed Executor of the Will of said decedent. On the fifth day of October, A. D. 1916, the County Judge of Cook County, Illinois, entered an order purporting to assess an inheritance tax in said estate of one hundred seventy-nine and 98/100 dollars ($179.98), which amount, together with interest, was on the same day paid by the claimant to the County Treasurer of Cook County, the total payment being one hundred ninety-one and 23/100 dollays ($191.23).

Thereafter, on the fifth day of September, A. D. 1918, the acting County Judge of said county entered an order vacating and setting aside for want of jurisdiction, so much of said prior order as attempted to assess a tax upon the transfers by said decedent of shares of stock in foreign corporations to non-resident beneficiaries, and it was found that with the elimination of the foreign stock there would be no tax on the estate.

The State by the Attorney General admits that if a refund is granted in the case of *Lora J. Moore, etc.,* v. *The State,* Number 33, filed at this term, claimant is entitled to a refund of one hundred ninety-one and 23/100 dollars ($191.23).

In said case it was stipulated by and between the Attorney General for the State, and Walter K. Lincoln, attorney for claimant, herein and for said Lora J. Moore, Executrix as follows:

*First*—That the Decree of the County Court of Cook County reforming the order of tax therein (a certified copy of which was therein filed with this Court) shall constitute all the evidence in said cause and that this stipulation shall stand and apply to the cases hereinafter enumerated, now pending in this Court.

*Second*—That the statement, brief and abstract filed by the parties hereto in said estate shall stand as a statement, brief and abstract in

the cases hereinafter enumerated, except as to dates and amounts in said cases, and that the decision of this Court in the said Lora J. Moore cases shall determine the merits and disposition of said cases hereinafter named."

List of cases above referred to:

> *John M. Campbell* v. *State.*
> *United States Trust Company of N. Y.* v. *State.*
> *Henry Purcell* v. *State.*
> *John T. Morse* v. *State.*
> *Charles M. Bissell* v. *State.*
> *Boston Safe Deposit and Trust Company of Boston, Massachusetts* v. *State.*
> *Andrew Fisk* v. *State.*
> *Arthur D. Hill* v. *State.*
> *F. J. Moore* v. *State.*
> *John E. Garden* v. *State.*
> *Commonwealth Trust Company of Harrisburg, Pennsylvania,* v. *State.*
> *Louis J. Snyder, Executor,* v. *State.*
> *Geo. F. Perkins* v. *State.*

Said stipulation in the Lora J. Moore, Executrix, case number thirty-three, will, therefore, govern in this case, and the Court having awarded the claimant a refund in the said Lora J. Moore, Executrix, Etc., case and from the evidence and stipulation we award claimant the sum of one hundred seventy-nine and 98/100 dollars ($179.98).